IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MOISES SERVANTES,

    Petitioner,

v.                                                 No. CV 13-0638 WJ/RHS

TIMOTHY HATCH, WARDEN,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter comes before the Court, *sua sponte* under rules 4 and 11 of the Rules Governing Section 2254 Cases, on Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. Also before the Court is Petitioner's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2). The Court will grant the motion and will dismiss the petition for lack of jurisdiction.

    In a previous § 2254 proceeding, *Servantes v. Blair*, No. CV 03-0721 WJ/DJS, Petitioner attacked the same state court criminal conviction that is the subject of this proceeding. *See Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (noting that court may take judicial notice of its own records). In the earlier case, Petitioner asserted a number of claims of constitutional error in his state court trial and sentencing. The Court dismissed the petition with prejudice, and the Court of Appeals for the Tenth Circuit denied a certificate of appealability and dismissed his appeal. Petitioner now brings a new § 2254 petition raising four claims of constitutional error in the state court criminal proceeding.

    "When a second or successive § 2254 or § 2255 claim is filed in the district court without

the required authorization from this court, the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); 28 U.S.C. § 1631. The current petition is Petitioner's second and is not accompanied by an authorizing order. Petitioner's claims are primarily restatements of those in his first petition. Therefore, according to the factors in *Cline*, the Court will dismiss Petitioner's petition for lack of jurisdiction. The Court hereby notifies Petitioner that filing further habeas corpus pleadings attacking the same conviction or sentence may result in imposition of filing restrictions.

Furthermore, under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is GRANTED, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DISMISSED for lack of jurisdiction, a certificate of appealability is DENIED, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE